**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

NISSIM CORP.,

Plaintiff,

vs.

WAL-MART STORES, INC.,

Defendant.
______________________________________/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nissim Corp., by and through its undersigned counsel, hereby sues Defendant Wal-Mart Stores, Inc., for patent infringement, and for its Complaint alleges as follows:

## THE PARTIES

1. Plaintiff Nissim Corp. ("Nissim") is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Boca Raton, Florida.

2. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because Nissim seeks relief under the Patent Act, 35 U.S.C. § 271 *et seq.*, including remedies for infringement by Wal-Mart of United States Patents owned by Nissim.

4. Wal-Mart is subject to personal jurisdiction in this state under Florida Statutes § 48.193 because Wal-Mart has transacted business in this state, contracted to supply services or products in this state, and caused tortious injury in this state.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to these claims occurred in this judicial district, because Nissim has suffered injury in this district, and because Wal-Mart resides in this district under the patent venue statute by having committed acts of patent infringement in this district.

**THE NISSIM PATENTS**

6. Nissim is the owner of an extraordinarily valuable portfolio of United States Patents (collectively the "Nissim Patents"). The Nissim Patents cover, among other things, multiple features that are required by certain industry adopted specifications known as the DVD Specifications for Read Only Disc Part 3 Video Specifications, Version 1.1, December 1997 (the "DVD Specifications").

7. Max Abecassis, the sole owner of Nissim, is the sole inventor of the Nissim Patents.

8. The Nissim Patents have been recognized by virtually the entire consumer electronics industry as essential to the required implementation of the DVD Specifications in devices capable of playing DVD-Video discs, including stand-alone DVD players, Blu-ray players and DVD or Blu-ray enabled computers. Notably, every member of the DVD Consortium that formulated the DVD Specifications – Hitachi, Matsushita, Mitsubishi, Sony, Toshiba, Philips, Pioneer, Thomson, JVC, and Time Warner – is a Nissim licensee. Nissim's licensees also include such major companies as Apple, Acer, Bose, Dell, Disney, Funai, Hewlett-Packard, IBM, Lenovo, LG, Microsoft, Samsung, Sharp, Universal, and numerous others.

9. All DVD-Videos and devices capable of playing DVD-Videos ("DVD-Devices") which bear the DVD logo must operate in accordance with the requirements of the DVD Specifications. The DVD Specifications ensure the compatibility of all DVD-Videos with all DVD-Devices.

10. Similarly, all Blu-Ray devices capable of playing Blu-Ray Videos ("BD Devices") which bear the BD logo must operate in accordance with the requirements of the DVD Specifications. BD devices are backwards compatible with the DVD Specifications, and thereby allow the playing of DVD-Videos.

11. Wal-Mart made no contribution to the DVD-Specifications, but Wal-Mart has sold numerous DVD and BD Devices.

12. There are several essential capabilities contained within all DVD-Videos, DVD-Devices and BD-Devices in compliance with the DVD Specifications that infringe claims of the Nissim Patents. Among these capabilities are Seamless Play and User Operation Control.

13. Seamless Play capabilities enable, in response to a user's content preferences, the non-intermittent playback of each of the different paths within a video that has multiple language credits, parental levels and/or multi-camera angles. The implementation of Seamless Play is demonstrated in DVD-Videos that offer different versions within a video, such as both "R" and "PG" rated versions, or both theatrical release and director's cut versions. The DVD Specifications provide for the use of segment information carried by a DVD-Video that is implemented by a DVD-Device to play, from within the same video, more than one version of a video. These Seamless Play capabilities of the DVD Specifications are incorporated into all DVD-Devices and are covered by the Nissim Patents.

14. User Operation Control capabilities enable the operation or prohibition of certain video playback controls, e.g., fast forward or skip, during the playback of a segment of a video. User Operation Control utilizes segment codes to prohibit users from, for example, fast-forwarding through certain segments, such as menu screen, advertising and the FBI copyright warning. The DVD Specifications require every DVD-Device to enable User Operation Control.

15. The last remaining of the Nissim Patents asserted herein expired on December 31, 2013. Pursuant to 35 U.S.C. § 286, this action seeks recovery for damages accruing prior to the patents' respective expiration dates.

16. On various occasions prior to the expiration of the Nissim Patents, Nissim contacted Wal-Mart, informing it of the sale of a number of unlicensed and infringing DVD-Devices and BD-Devices in Wal-Mart stores. Nissim specifically identified numerous brands supplied to Wal-Mart by unlicensed manufacturers and/or distributors. Nissim also offered Wal-Mart a license agreement at the industry standard royalty rate of $0.25 per device. Wal-Mart, however, continued to sell and offer for sale many of the unlicensed and infringing devices, and failed to execute a license agreement with Nissim.

**COUNT I – INFRINGEMENT OF U.S. PATENT 5,434,678**

1. Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

2. Nissim is the owner of United States Patent 5,434,678 ("the '678 patent"), entitled "Seamless Transmission Of Non-Sequential Video Segments," which was duly and lawfully issued on July 18, 1995 by the United States Patent and Trademark Office. A true and correct copy of the '678 patent is attached hereto as Exhibit 1. The '678 patent is enforceable as to infringement occurring prior to its expiration.

3. Wal-Mart has directly and/or indirectly infringed, literally or under the doctrine of equivalents, claims 1-3, 7-8, 10-15 and 18 of the ‘678 patent, by selling and offering for sale unlicensed DVD-Devices.

4. Wal-Mart’s acts of infringement have been willful and with full knowledge of Nissim’s rights under the ‘678 patent.

5. Nissim has been damaged by Wal-Mart’s infringement of the ‘678 patent in an amount to be proven at trial.

**COUNT II – INFRINGEMENT OF U.S. PATENT 5,589,945**

6. Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

7. Nissim is the owner of United States Patent 5,589,945 (“the ‘945 patent”), entitled “Computer-Themed Playing System,” which was duly and lawfully issued on December 31, 1996 by the United States Patent and Trademark Office. A true and correct copy of the ‘945 patent is attached hereto as Exhibit 2. The ‘945 patent is enforceable as to infringement occurring prior to its expiration.

8. Wal-Mart has directly and/or indirectly infringed, literally or under the doctrine of equivalents, claims 5-12 of the ‘945 patent, by selling and offering for sale unlicensed DVD-Devices.

9. Wal-Mart’s acts of infringement have been willful and with full knowledge of Nissim’s rights under the ‘945 patent.

10. Nissim has been damaged by Wal-Mart’s infringement of the ‘945 patent in an amount to be proven at trial.

**COUNT III – INFRINGEMENT OF U.S. PATENT 5,913,013**

11. Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

12. Nissim is the owner of United States Patent 5,913,013 ("the '013 patent"), entitled "Seamless Transmission Of Non-Sequential Video Segments," which was duly and lawfully issued on June 15, 1999 by the United States Patent and Trademark Office. A true and correct copy of the '013 patent is attached hereto as Exhibit 3. The '013 patent is enforceable as to infringement occurring prior to its expiration.

13. Wal-Mart has directly and/or indirectly infringed, literally or under the doctrine of equivalents, claims 1-4, 7-10, 13-16, 18, 21-23 of the '013 patent, by selling and offering for sale unlicensed DVD-Devices.

14. Wal-Mart's acts of infringement have been willful and with full knowledge of Nissim's rights under the '013 patent.

15. Nissim has been damaged by Wal-Mart's infringement of the '013 patent in an amount to be proven at trial.

**COUNT IV – INFRINGEMENT OF U.S. PATENT 6,151,444**

16. Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

17. Nissim is the owner of United States Patent 6,151,444 ("the '444 patent"), entitled "Motion Picture Including Within A Duplication Of Frames," which was duly and lawfully issued on November 21, 2000 by the United States Patent and Trademark Office. The '444 patent issued from an application filed with the United States Patent and Trademark Office on June 30, 1998, and claims priority from a parent application which was originally filed on

January 11, 1993 and which issued as United States Patent 5,434,678. The ‘444 patent is now, and has been at all times since its date of issue, valid. A true and correct copy of the ‘444 patent is attached hereto as Exhibit 4. The ‘444 patent is enforceable as to infringement occurring prior to its expiration.

18. Wal-Mart has directly and/or indirectly infringed, literally or under the doctrine of equivalents, claims 9, 11, 13, 15-17, 19, 21, 23-24 of the ‘444 patent, by selling and offering for sale unlicensed DVD-Devices.

19. Wal-Mart’s acts of infringement have been willful and with full knowledge of Nissim’s rights under the ‘444 patent.

20. Nissim has been damaged by Wal-Mart’s infringement of the ‘444 patent in an amount to be proven at trial.

**COUNT V – INFRINGEMENT OF U.S. PATENT 6,208,805**

21. Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

22. Nissim is the owner of United States Patent 6,208,805 (“the ‘805 patent”), entitled “Inhibiting A Control Function From Interfering With A Playing Of A Video,” which was duly and lawfully issued on March 27, 2001 by the United States Patent and Trademark Office. A true and correct copy of the ‘805 patent is attached hereto as Exhibit 5. The ‘805 patent is enforceable as to infringement occurring prior to its expiration.

23. Wal-Mart has directly and/or indirectly infringed, literally or under the doctrine of equivalents, claims 1-9 of the ‘805 patent, by selling and offering for sale unlicensed DVD-Devices.

24. Wal-Mart's acts of infringement have been willful and with full knowledge of Nissim's rights under the '805 patent.

25. Nissim has been damaged by Wal-Mart's infringement of the '805 patent in an amount to be proven at trial.

**COUNT VI – INFRINGEMENT OF U.S. PATENT 6,463,207**

26. Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

27. Nissim is the owner of United States Patent 6,643,207 ("the '207 patent"), entitled "Playing A Variable-Content-Video Having A User Interface," which was duly and lawfully issued on October 8, 2002 by the United States Patent and Trademark Office. A true and correct copy of the '207 patent is attached hereto as Exhibit 6. The '207 patent is enforceable as to infringement occurring prior to its expiration.

28. Wal-Mart has directly and/or indirectly infringed, literally or under the doctrine of equivalents, claims 1, 4, 8, 9, 14, 16 and 21 of the '207 patent, by selling and offering for sale unlicensed DVD-Devices.

29. Wal-Mart's acts of infringement have been willful and with full knowledge of Nissim's rights under the '207 patent.

30. Nissim has been damaged by Wal-Mart's infringement of the '207 patent in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Nissim prays:

A. That the Court finds Wal-Mart liable for infringement of the asserted Nissim Patents.

B. That the Court awards Nissim compensatory damages against Wal-Mart pursuant to 35 U.S.C. § 284.

C. That based on the willful nature of the infringement by Wal-Mart, the Court enters judgment three (3) times such compensatory amount pursuant to 35 U.S.C. § 284.

D. That the Court finds this case exceptional within the meaning of 35 U.S.C. § 285 and awards Nissim its reasonable attorneys' fees incurred in this action.

E. That the Court awards Nissim its taxable costs, disbursements, and pre-judgment and post-judgment interest.

F. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Nissim demands trial by jury on all issues so triable

Dated: March 27, 2017

Respectfully submitted,

/s/ *John C. Carey*

John C. Carey
Florida Bar No. 78379
Ernesto M. Rubi
Florida Bar No. 92014
CAREY RODRIGUEZ
MILIAN GONYA, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
E-mail: jcarey@careyrodriguez.com

*Counsel for Plaintiff Nissim Corp.*